UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LINDSEY BROOKE ISAACS,

Plaintiff, CASE NO. 6:26-cv-1263

v.

TIFFANY JATEFF, individually,
and JOSHUA BUDAY, individually,

Defendants.
_________________________________/

**DEFENDANTS, TIFFANY JATEFF'S AND JOSHUA BUDAY'S, UNOPPOSED MOTION FOR LEAVE AS TO ORDER GRANTING MOTIONTO STAY [ECF NO. 27]**

Defendants, TIFFANY JATEFF ("JATEFF"), and JOSHUA BUDAY ("BUDAY") (or collectively, "Defendants"), by and through their undersigned counsel, Whitelock & Associates, P.A., and pursuant to M.D. Fla. Local Rules 3.01 and 4.03(d) and Fed. R. Civ. P. 7, file this Unopposed Motion for Leave as to Order Granting Motion to Stay [ECF No. 27], as follows:

1. On July 31, 2026, the Parties moved for a stay of this matter to complete an early mediation. ECF No. 25.

2. On August 3, 2026, the Court granted this Motion and stayed this matter until October 1, 2026, for the Parties to complete early mediation. ECF No. 27.

3. The Parties and the mediator worked diligently to schedule a particular time and date in the Middle District during this period for this early mediation, and ultimately agreed to mediate on September 16, 2026, at a location within the District which is convenient for all.

4. Indeed, September 16, 2026, is the only date available for the Parties and the mediator before the October 1 deadline.

5. Just recently, however, the Defendants' Risk Representative advised that her mother is now scheduled to undergo a medical procedure on September 17, 2026, and the Representative must assist as well as be near her mother in the days leading up to this procedure, including on September 16th.

6. The Parties have conferred and are all in agreement – pending this Honorable Court's permission, of course – to have the Representative appear via Zoom for the mediation while all the Parties and the mediator appear in person.

7. The Parties agree that the Risk Representative's presence by Zoom will have no negative effect on the chances of a successful mediation and prefer not to have the October 1 deadline extended merely to find a later date after October 1 to mediate on which the Risk Representative can appear in person.

**WHEREFORE,** Defendants respectfully request that this Honorable Court grant this unopposed motion for leave only to allow the Risk Representative to appear via Zoom.

## LOCAL RULE 3.01(g) CERTIFICATE

Undersigned counsel certifies that counsel for Defendants conferred with counsel for Plaintiff regarding the relief requested in this Motion, and that the parties agree on the resolution of the Motion. Plaintiff does not oppose the relief sought.

**Respectfully submitted,**

Whitelock & Associates, P.A.
300 Southeast Thirteenth Street
Fort Lauderdale, Florida 33316
Telephone: (954) 463-2001
Facsimile: (954) 463-0410
Counsel for Defendants, Jateff and Buday

/s/Christopher J. Whitelock
CHRISTOPHER J. WHITELOCK
Florida Bar No. 0067539

## CERTIFICATION UNDER PENALTY OF PERJURY THAT ARTIFICIAL INTELLIGENCE WAS NOT USED IN THE PREPARATION OF THIS FILING

I have reviewed the Standing Order Requiring Disclosure of the use of artificial intelligence. After diligent inquiry and under penalty of perjury, I certify that artificial intelligence was not utilized in the preparation of this filing in any way. I understand that, whether I represent myself or I am an attorney representing a client, I have an affirmative obligation to read each case cited in this filing. If I fail to do so and a case upon which I rely does not exist or does not reasonably stand for the cited proposition, I understand that the Court may treat this as a violation of Rule

11 of the Federal Rules of Civil Procedure. I have reviewed Rule 11 of the Federal Rules of Civil Procedure, and I understand that this rule applies equally to counsel and unrepresented parties, and I am familiar with the sanctions available for violations of Rule 11. If this certification is made by counsel, I further understand that citation to a case that either does not exist or does not reasonably stand for the cited proposition may be treated as a violation of my oath of candor toward the tribunal and a basis on which my admission to practice in the Middle District of Florida could be revoked or suspended. Further, whether I represent myself or I am an attorney representing a client, I understand that by making this certification under penalty of perjury I could be referred for criminal prosecution if the statements I make here are false.

## CERTIFICATE OF SERVICE

I hereby certify that on August 19, 2026, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

s/Christopher J. Whitelock
CHRISTOPHER J. WHITELOCK

**SERVICE LIST**

David W. Brill, Esq.
Brill & Rinaldi, The Law Firm
17150 Royal Palm Blvd., Suite 2
Weston, FL 33326
e-mail: david@brillrinaldi.com
angely@brillrinaldi.com